UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK BATTIE,<br><br>           Plaintiff,<br>   v.<br><br>CAMDEN COUNTY JAIL,<br><br>           Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-08594 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Derrick Battie, Plaintiff Pro Se
1070 Morton Street
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

    1.   Plaintiff Derrick Battie seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ"). Complaint, Docket Entry 1. Seven days prior to filing the present action, Plaintiff filed an identical complaint against Camden County. *Battie v. The County*, Civ. No. 16-cv-8409 (D.N.J.) (the "8409 action").

    2.   Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons discussed below, and because the complaint is duplicative of the complaint Plaintiff filed in the 8409 action, the Court will (1) dismiss the claims against the CCJ with prejudice and (2) dismiss the remainder of the complaint without prejudice to Plaintiff's ability to maintain the 8409 action.[1]

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] In an opinion and order entered concurrently with the opinion and order entered in this action, the Court will dismiss the 8409 action without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and grant Plaintiff leave to amend the 8409 complaint.

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[2] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[3] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the

---

[2] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[3] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

3

defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

7. As an initial matter, because Plaintiff has not sufficiently alleged that a "person" deprived him of a federal right, the complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

8. Ordinarily, Plaintiff would be granted leave to amend the complaint to name a person who was allegedly involved in the alleged unconstitutional conditions of confinement. However, Plaintiff's complaint is identical to (and in fact appears to be

a photocopy of) the complaint filed in the 8409 action.[4] "As part of its general power to administer its docket, a district court may dismiss a duplicative complaint." *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)) (internal quotations omitted); *Gause v. Court of Common Pleas*, 571 F. App'x 144, 145 (3d Cir. 2014) (a district court may properly dismiss duplicative complaints under § 1915(e)) (citing *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir. 1993)); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (when faced with duplicative complaints, a court may dismiss the second action without prejudice, stay the second action, or consolidate it with the first action).

9. Plaintiff filed the 8409 action on November 10, 2016, and the present case on November 17, 2016. In accordance with this Court's concurrent order in the 8409 action, Plaintiff has been granted leave to amend the complaint in that case. The factual allegations in both cases are identical and the only

---

[4] The fact section of each complaint states: "Sleeping on floor Unsanitary conditions 4 to a cell people ur[i]nating on floor all around me [and] other – people detoxing through up and people are clean and subject to there [sic] addiction. Warden [and] other officers knowing and knot caring about other inmates and theirselves being affected by others. Nurses not giving medications when suppose to talking about they don't get high just being disrespectful and none caring." Complaint § III; 8409 Complaint § III.

distinction between these two actions is that in this case, Plaintiff has elected to sue a defendant not subject to suit. The present action will therefore be dismissed as duplicative and Plaintiff will not be granted leave to amend. Should Plaintiff wish to name additional or different defendants, he may do so when and if he chooses to amend the 8409 complaint.

10. For the reasons stated above, the claims against the CCJ are dismissed with prejudice. The remainder of the complaint is dismissed without prejudice as duplicative of Plaintiff's 8409 complaint.

11. An appropriate order follows.

**May 31, 2017**          **s/ Jerome B. Simandle**
Date                      JEROME B. SIMANDLE
                          Chief U.S. District Judge